UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOCELYN PATRICIA SARMIENTO ALANDETE,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.
______________________________/

Case No. 1:26-cv-2388

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond. (Pet., ECF No. 1, PageID.16.) In an Order entered on August 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the June 23, 2026, bond hearing on August 28, 2026. (Resp., ECF No. 5; Recording of Jun. 23, 2026, Bond Hearing, filed on Aug. 28, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2023. Op. *Sarmiento Alandete v. Raycraft* (*Sarmiento Alandete I*), No. 1:26-cv-2111 (W.D. Mich. Aug. 6, 2026) (ECF No. 8). On May 19, 2026, ICE agents arrested Petitioner. *Id.*

On June 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). *Id.* At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." *Id.*

On July 20, 2026, Petitioner filed her first § 2241 petition in *Sarmiento Alandete I*. In *Sarmiento Alandete I*, the Court denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice, finding that "there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing." Op. & Jud., *Sarmiento Alandete I*, (W.D. Mich. Aug. 6, 2026) (ECF Nos. 8, 9).

## III. Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on June 23, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that Petitioner is a "Flight risk." Op., *Sarmiento Alandete I*, (W.D. Mich. Aug. 6, 2026) (ECF No. 8). As previously discussed in *Sarmiento Alandete I*, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at Petitioner's June 23, 2026, bond hearing. Op., *Sarmiento Alandete I*, (W.D. Mich. Aug. 6, 2026) (ECF No. 8).

Petitioner claims that she has now been detained three months, which is beyond the "brief" period contemplated by *Demore v. Kim*, 538 U.S. 510 (2003). (Pet., ECF No. 1, PageID.9.)

Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted her administrative remedies. (Resp., ECF No. 5, PageID.88–91.)[1]

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district

---

[1] Respondents also argue that Petitioner is not entitled to a bond hearing because "[s]he applied for admission [into the United States] at a port of entry." (Resp., ECF No. 5, PageID.85.) Based on the facts presented by the parties, and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. For the same reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to her manner of entry into the United States.

court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that her detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Further, although Petitioner claims that her detention has become unreasonably prolonged, Petitioner does not indicate that she has requested a subsequent bond redetermination in writing in the Immigration Court pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted her administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[2]

Dated: September 9, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

---

[2] Because the Court will dismiss Petitioner's § 2241 petition as set forth herein, Petitioner's motions (ECF Nos. 4 and 5) seeking relief during the pendency of this action are moot.